UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
                                Plaintiff, )
            v. )

GREAT LAKES EXCAVATING, INC. )
a/k/a Bruckner Excavating, Inc. )
6701 N. Teutonia Avenue )
Post Office Box 17038 )
Milwaukee, Wisconsin 53217 )

     Serve: Registered Agent )
     Brian D. Bruckner )
     6701 N. Teutonia Avenue )
     Milwaukee, Wisconsin 53209 )

                                Defendant. )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1.    Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant, Great Lakes Excavating, Inc. a/k/a Bruckner Excavating Incorporated, is a Wisconsin corporation that at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound to and signatory at all relevant times to a Memorandum of Agreement and Master Building Agreement with International Union of Operating Engineers Local Union No. 139 that govern the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the Agreements.

7. Pursuant to the Agreements, Defendant agreed to pay to the Plaintiff certain sums of money for each hour paid to employees of the Defendant performing work covered by the Agreements within the jurisdiction of I.U.O.E. Local Union No. 139.

8. During the months of February 2014 to December 2015, Defendant employed employees performing work under the Agreements for whom contributions were due to the Plaintiff.

9. During this period of time Defendant failed to pay to the Plaintiff all of the contributions owed under the Agreements.

10. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of twenty percent.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest in the amount of nine percent, per annum.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all costs and attorneys' fees and audit costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. During various months from March 2014 through December 2015, the Defendant failed to pay the contributions owed to the Plaintiff as required by the Agreements in the net amount of $65,963.95.

15. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Sections 502 and 515 of ERISA.

16. Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiff.

17. The Plaintiff is entitled to judgment for all contributions owed from March 2014 to December 2015, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs, audit fees and attorneys' fees to the date of judgment.

**WHEREFORE,** Plaintiff prays judgment for Count I against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff from March 2014 to December 2015.

B. For liquidated damages and interest for any late and unpaid contributions owed during the period of March 2014 to December 2015 as provided for in the Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. Costs, audit fees, and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Restated Agreement and Declaration of Trust through the date of judgment.

D. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: March 15, 2016    By: _____
R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200

*Attorney for the Plaintiff*